O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE WHITE,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>            Defendant. | CASE NO. ED CV 11-00156 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

The Court finds none of Plaintiff's three arguments sufficient to overturn the Commissioner's determination that Plaintiff is not entitled to receive disability benefits.

Plaintiff argues first that the Administrative Law Judge did not properly consider the medical opinions of Dr. H.N. Hurwitz. Using a form containing categories and boxes, Dr. Hurwitz made markings in between two categories in several instances. [AR 485-86] In each instance, however, the markings still indicated that Plaintiff was less than moderately limited, and those limitations all were captured in the residual functional capacity that the Administrative Law Judge fashioned, and in particular the requirement that Plaintiff be confined to simple, repetitive work in a non-public setting. Plaintiff also asserts that the Dr. Hurwitz used a limitation from a previous RFC, restricting Plaintiff's use of small tools; Plaintiff has misread the record here, for that reference was only part of a staffer's summary, on which Dr. Hurwitz noted that a *Chavez* showing of changed

circumstances had been made. [AR 489] The various inconsistencies that Plaintiff posits all derive from this mis-reading.

Plaintiff next argues that the Administrative Law Judge wrongly failed to adopt the opinion of treating psychiatrist Romeo Villar. On a form evaluation, Dr. Villar indicated that Plaintiff had an extreme limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual, and marked limitations in two other areas. The opinion of a treating physician is given deference, and if the opinion is uncontroverted, the administrative law judge must provide clear and convincing evidence before rejecting it. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); *Aukland v. Massanari*, 257 F.3d 1036 (9th Cir. July 23, 2001). If there are contrary opinions, then the Administrative Law Judge need only give specific and legitimate reasons for rejecting the treating physician's opinion. Here, the Administrative Law Judge found that the limitations suggested by Dr. Villar were not consistent with Dr. Villar's own treatment notes, or with other medical evidence. This is an appropriate basis for rejecting a treating physician's opinion. *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The Administrative Law Judge also noted that Dr. Villar had prescribed conservative treatment, and this too was a valid basis for not fully crediting the opinion that Plaintiff was so limited. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). Accordingly, the Administrative Law Judge did not err in declining to accept the full limitations suggested by Dr. Villar.

Plaintiff's third argument is that the Administrative Law Judge did not properly address the statements and testimony of Plaintiff's husband William Mutz. It is true that the reasons the Administrative Law Judge gave for saying that Mr. Mutz was only partially credible are not very persuasive; the fact that Mr. Mutz described his own disability one way and his wife described it a different way, and that he said his wife had never used or owned a walker but she in fact did use a walker at a consultative examination [AR 242] hardly show that Mr. Mutz is not to be believed when he spoke of his wife's abilities. More importantly, however, the Administrative Law Judge did fairly summarize

Mr. Mutz's assessment of his wife's activities. [AR 242-43] Thus, any discrediting had no significant impact on the decision. Since the decision otherwise was backed by substantial evidence, the statement that the Administrative Law Judge found Mr. Mutz only partially credible was of no moment.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 10, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE